**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDRA ANN C.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Civil Action No. 25-18620 (MAS)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon Plaintiff Sandra Ann C.'s ("Plaintiff")[1] appeal of the Commissioner of the Social Security Administration's (the "Commissioner") final decision denying Plaintiff's request for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. (ECF No. 6.) The Commissioner opposed. (ECF No. 8.) The Court has jurisdiction to review this matter under 42 U.S.C. § 405(g) and reaches its decision without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons below, the Court affirms the Commissioner's decision and denies the appeal.

## I. BACKGROUND

In this appeal, the Court must consider whether the Administrative Law Judge's (the "ALJ") determination that Plaintiff was not disabled is supported by substantial evidence. The Court begins with the procedural posture and decision by the ALJ.

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

### A. Procedural Background

Plaintiff filed an application for DIB and SSI on December 22, 2023, alleging a disability onset date of December 13, 2023. (AR 17, ECF No. 4.[2]) The Social Security Administration (the "Administration") denied the application initially on October 30, 2024, and upon reconsideration on January 10, 2025. (*Id.* at 17, 61-70.) Thereafter, Plaintiff requested a hearing, which the ALJ held on June 3, 2025. (*Id.* at 35.) On June 27, 2025, the ALJ denied Plaintiff's claims. (*Id.* at 14, 28.) Plaintiff submitted a request for review, which the Appeals Council denied (*id.* at 1-6), making the ALJ's June 27, 2025, decision the Commissioner's final decision. On December 12, 2025, Plaintiff filed the instant appeal. (*See generally* Compl., ECF No. 1.) Plaintiff filed her moving brief in this action on May 6, 2026 (Pl.'s Moving Br., ECF No. 6), and the Commissioner opposed on June 4, 2026 (Def.'s Opp'n Br., ECF No. 8).[3]

### B. The ALJ's Decision

In her June 27, 2025, decision, the ALJ concluded that Plaintiff was not disabled from December 13, 2023, (the alleged onset date) through the date of her decision. (AR 18, 28.) The ALJ set forth the Administration's five-step sequential analysis for determining whether an individual is disabled. (*Id.* at 18-19 (citing 20 C.F.R. §§ 404.1520(a), 416.920(a)).) As an initial matter, the ALJ found that Plaintiff "meets the insured status requirements of the . . . Act through December 31, 2023." (*Id.* at 19.) At step one, the ALJ found that Plaintiff "ha[d] not engaged in

---

[2] The Administrative Record ("AR") is located at ECF Nos. 4 through 4-13. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

[3] Plaintiff filed a reply brief on June 17, 2026; however, the filing's contents merely state that "Plaintiff deems no reply necessary because any reply would simply duplicate arguments made in the original brief and accordingly relies on the original arguments and authority contained in the primary brief." (Pl.'s Reply Br., ECF No. 9.)

substantial gainful activity ('SGA') since December 13, 2023, the alleged onset date[.]" (*Id.* (citing 20 C.F.R. §§ 404.1571 *et seq.*, 416.971 *et seq.*).)

At step two, the ALJ determined that Plaintiff had several severe impairments, including: (1) lumbar degenerative disc disease/radiculopathy/spondylosis/stenosis; (2) unilateral primary arthritis of the right hip; (3) primary arthritis of the bilateral knees; (4) arthritis; (5) obesity; (6) diabetic neuropathy; (7) insulin-dependent diabetes; (8) left Achilles tendinitis; and (9) fibromyalgia. (*Id.* at 19-20 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)).) The ALJ found that these medically determinable impairments "significantly limit [Plaintiff's] ability to perform basic work activities as required by SSR 85-28." (*Id.* at 20.) The ALJ also found that Plaintiff had the following "non-severe" mental impairments: (1) opioid use disorder; (2) generalized anxiety disorder; (3) major depressive disorder; and (4) an eating disorder. (*Id.*)

At step three, the ALJ determined that Plaintiff "d[id] not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments" in 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926. (*Id.* at 21.) With respect to Plaintiff's musculoskeletal impairments, the ALJ stated that she specifically reviewed the listings at 1.15 (disorders of the skeletal spine resulting in compromise of a nerve root(s)), 1.16 (medical need for a walker, bilateral canes, or bilateral crutches), and 1.18 (major joint abnormality). (*Id.*) The ALJ also considered whether Plaintiff's diabetes met the requirements of the listing at 9.00 (endocrine disorders). (*Id.* at 21-22.)

The ALJ determined that Plaintiff had "the residual functional capacity (the 'RFC')[4] to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a), 416.967(a)." (*Id.* at 22 (citation modified).) The ALJ found, however, that Plaintiff could "lift and carry [twenty] pounds occasionally and [ten] pounds frequently," "sit for six hours and stand and/or walk for two hours in an eight-hour workday," "occasionally climb ramps and stairs," "frequently reach overhead with the bilateral upper extremities," "balance as described in the selected characteristic of occupations (SCO) and stoop," and "tolerate occasional exposure to atmospheric conditions as described in the SCO." (*Id.*) Plaintiff could not "climb ladders[,] ropes[,] or scaffolds" or "kneel, crouch, or crawl." (*Id.*)

At step four, the ALJ found that Plaintiff "is capable of performing past relevant work as a road service/insurance worker and security guard." (*Id.* at 27 (citing 20 C.F.R. § 416.965).) The ALJ considered that Plaintiff's work in these roles fell within the applicable period for relevant past work and that the earnings reports indicated that the work was performed "above substantial gainful activity levels of earnings." (*Id.*) In addition, the ALJ considered and accepted a vocational expert's testimony that "an individual of [Plaintiff's] age, education, and RFC would be able to perform these jobs as they were actually performed." (*Id.* at 27-28.) The ALJ accordingly determined that Plaintiff was not disabled from December 13, 2023 (the alleged onset date), through June 27, 2025 (the date of the ALJ's decision), for the purposes of Plaintiff's DIB and SSI claims. (*Id.* at 28.)

---

[4] RFC is defined as "the most [an individual] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1); *see Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) ("'[R]esidual functional capacity' is defined as that which an individual is still able to do despite the limitations caused by [her] . . . impairment(s)[.]" (quoting *Hartranft v. Apfel*, 181 F.3d 358, 359 n.1 (3d Cir. 1999))). Determination of a claimant's RFC is the exclusive responsibility of the ALJ. 20 C.F.R. §§ 404.1520(c), 404.1546(c).

## II. LEGAL STANDARD

### A. Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (quoting 42 U.S.C. § 405(g)); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000) (explaining that the reviewing court is "bound to the Commissioner's findings of fact if they are supported by substantial evidence"). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (citation modified). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft*, 181 F.3d at 360). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong

reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

**B. Establishing Disability and SSI**

To be eligible for DIB or SSI under the Act, a claimant must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). For purposes of the statute, a claimant is disabled only if her physical or mental impairments are "of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423(d)(2)(A). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Administrative regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). For the first step, the claimant must establish that she has not engaged in any substantial gainful activity since the onset of her alleged disabilities. *Id.* § 404.1520(a)(4)(i). For the second step, the claimant must establish that she suffers from a "severe . . . impairment" or "combination of impairments." *Id.* § 404.1520(a)(4)(ii). The third step requires that the claimant provide evidence that her impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. *Id.* § 404.1520(a)(4)(iii). If the claimant demonstrates that he suffers from a listed impairment or that her severe impairment is equal to a

listed impairment, she is presumed to be disabled and entitled to DIB and/or SSI benefits. *Id.*; 20 C.F.R. § 404.1520(d). If she cannot so demonstrate, the eligibility analysis proceeds to step four. *See* 20 C.F.R. § 404.1520(e).

Before considering step four of the sequential evaluation process, the ALJ must first determine the claimant's RFC. 20 C.F.R. § 404.1520(a)(4)(iv). In doing so, the ALJ must consider all of the claimant's impairments, including impairments that are not severe. *Id.* § 404.1545(a)(2); SSR 96-8p, 61 Fed. Reg. 34474, 34477 (July 2, 1996). Then, at step four, the ALJ determines whether the claimant's RFC permits her to resume previous employment. 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant's RFC permits her to resume previous employment, the claimant is not "disabled" and thus not entitled to DIB or SSI benefits. *Id.*; 20 C.F.R. § 404.1520(f). If the claimant cannot continue in this line of work, the analysis proceeds to step five. *See* 20 C.F.R. § 404.1520(a)(4)(v). Importantly, the burden of persuasion rests with the claimant in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009).

At the fifth step, the burden shifts to the Commissioner to demonstrate that the claimant can perform other work consistent with her medical impairments, age, education, past work experience, and RFC. *Id.*; 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1560. If the Commissioner cannot satisfy this burden, the claimant will receive DIB and/or SSI benefits. 20 C.F.R. § 404.1520(g).

## III. DISCUSSION

Plaintiff argues that remand is necessary because the ALJ erred in her RFC analysis by failing to properly evaluate the medical opinions provided in the record. (*See generally* Pl.'s Moving Br.) Specifically, Plaintiff contends that, without explanation, the ALJ: (1) ignored portions of Dr. Juan Cornejo's ("Cornejo") medical opinion regarding Plaintiff's physical

limitations and failed to question the vocational expert regarding those limitations; and (2) failed to include a sit-stand option in the RFC analysis. (*Id.* at 12, 17.)

### A. The ALJ Did Not Err in its Evaluation of the Medical Opinions

Plaintiff contends that the ALJ cherry-picked medical evidence to support her RFC determination and, in doing so, disregarded Dr. Cornejo's medical opinion that Plaintiff would have "difficulty with frequently bending and turning her neck and back" and failed to question the vocational expert. (*Id.* at 12-14.)

"When weighing medical opinions in Social Security matters, administrative law judges must *consider* a range of factors, but all they must *explain* are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). Under 20 C.F.R. § 404.1520c(a), an ALJ is required to consider medical opinions and determine the persuasiveness of the opinions by considering specific factors listed in the regulations. These factors include: (1) supportability; (2) consistency; (3) relationship of the medical source to the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, and extent of the treatment relationship; (4) specialization; and (5) other relevant factors. *Id.* § 404.1520c(c). Supportability and consistency are the most important factors. *Id.* § 404.1520c(b)(2). Accordingly, an ALJ must "explain how [she] considered [these two] factors" but need not "explain how [she] considered" the other factors. *Id.* When giving this explanation, the ALJ "need not reiterate the magic words 'support' and 'consistent' for each doctor." *Zaborowski*, 115 F.4th at 639. It is sufficient, rather, for the ALJ to "weave supportability and consistency throughout her analysis of which doctors were persuasive." *Id.* It is, additionally, "not for this [C]ourt to reweigh the various medical opinions in the record[,] but instead to determin[e] if there is substantial evidence to support the ALJ's weighing of those opinions."

*Tammy L. v. Comm'r of Soc. Sec.*, No. 25-14034, 2026 WL 2137995, at *4 (D.N.J. July 24, 2026) (second and third alterations in original) (internal quotation marks and citations omitted).

Though Plaintiff argues that the "ALJ fail[ed] to explain what parts of the opinion [s]he rejects or is only partially persuaded by" and failed to consider Plaintiff's neck and back limitations (Pl.'s Moving Br. 12), the ALJ need not adopt each limitation found by a medical examiner, nor must the ALJ "explicitly reject any part of a persuasive . . . opinion that does not make it into the RFC." *Benson v. Kijakazi*, No. 21-1345, 2022 WL 17406051, at *1 n.1 (W.D. Pa. Dec. 2, 2022); *Madonna v. Kijakazi*, No. 22-1060, 2023 WL 3483884, at *7 (E.D. Pa. May 16, 2023) ("Contrary to [p]laintiff's argument, in determining an RFC, 'an ALJ is not required to incorporate every finding or limitation made by a medical source simply because the ALJ finds the opinion persuasive.'"); (*see* Def.'s Opp'n Br. 7-8.) In any event, contrary to Plaintiff's assertions, the Court finds that the ALJ adequately considered Cornejo's medical opinion and explained her reasoning pursuant to 20 C.F.R. § 416.920c. The ALJ found Cornejo's opinion to be partially persuasive (AR 26) and explained how Cornejo's opinions informed some of her findings. (*See, e.g.*, *id.* ("Cornejo also noted some mild limitations in claimant's shoulder range of motion . . . [i]n light of this evidence, I find that claimant can frequently reach overhead with the bilateral upper extremities.").) In fact, the ALJ recounted Cornejo's finding that Plaintiff "has difficulty frequently bending her neck and back" and then noted that this finding, among others, is "largely supported by [Cornejo's] examination" of Plaintiff. (*Id.* at 26-27.)

Similarly, while Plaintiff contends the ALJ erred by failing to analyze Cornejo's opinion for consistency (*see* Pl.'s Moving Br. 15-16), the Court notes that the ALJ has no obligation to "divid[e] [Cornejo's] opinion[] into different units to be separately analyzed[,]" and in turn, need not perform a supportability and consistency analysis "with regard to every aspect of the [medical]

opinion." *Pyle v. Comm'r of Soc. Sec.*, No. 23-815, 2024 WL 4278291, at *1 n.1 (W.D. Pa. Sep. 24, 2024). Plaintiff cites previous decisions of this Court, which, at first glance, appear to indicate otherwise (*see* Pl.'s Moving Br. 16 (collecting cases)); however, these cases are readily distinguishable because here, the ALJ did not blindly adopt only some portions of the medical opinion while ignoring contradictory portions. Rather, the ALJ: (1) listed the findings that she found to be "generally consistent" with Plaintiff's treatment records (AR 27); (2) explained how those findings informed her analysis (*id.* at 26-27); and (3) ultimately evaluated this opinion against the record in its entirety (*see id.* at 22-28). Such an analysis is sufficient. *See Zaborowski*, 115 F.4th at 639.

Moreover, the Court is unpersuaded by Plaintiff's argument that the ALJ failed to question the vocational expert regarding Plaintiff's limitation in turning her head and neck. (*See* Pl.'s Moving Br. 14-15.) An ALJ is not required to include every impairment alleged by a claimant when posing a hypothetical to the vocational expert. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 206 (3d Cir. 2008). Rather, an ALJ need only include a claimant's impairments and limitations that are supported by the record. *Id.* Here, the Court finds that in examining the vocational expert, the ALJ provided a detailed portrayal of Plaintiff's impairments, including her limitations. The ALJ specifically asked the vocational expert whether a hypothetical individual of Plaintiff's age, education, and work experience could perform Plaintiff's past work if that individual:

> is able to lift and carry [twenty] pounds occasionally and [ten] pounds frequently, . . . can sit, stand, and walk for six hours each in an eight-hour workday, . . . can frequently climb, stoop, kneel, crouch and crawl, . . . can frequently reach overhead with the bilateral upper extremities, [and] can tolerate occasional exposure to atmospheric conditions as described in the SCO.

(AR 55-56.) Then, the ALJ posed additional hypotheticals based on additional limitations, such as an inability to climb, kneel, crouch, crawl, walk, and stand for a certain number of hours.

(*Id.* at 56-57.) Plaintiff contends that "[t]he past work identified by the vocational expert clearly requires bending and turning of the neck and back" and "by common sense alone," Plaintiff's past work "requires turning of the head and neck." (Pl.'s Moving Br. 15.) Such a contention is insufficient to meet her burden to demonstrate a credible impairment that the ALJ failed to include in her questions to the vocational expert. *Wanda F. v. Comm'r of Soc. Sec.*, No. 23-22116, 2025 WL 607219 (D.N.J. Feb.25, 2025); *see also Johnson*, 529 F.3d at 206. The Court therefore finds that the ALJ, in evaluating Cornejo's medical opinion and questioning the vocational expert, sufficiently accounted for each of Plaintiff's impairments and limitations that were supported by the record.

**B. The ALJ's RFC Determination is Supported by Substantial Evidence in the Record.**

Next, Plaintiff argues that the "ALJ's RFC is not supported by the evidence" because it does not include an option for Plaintiff to alternate between sitting and standing. (Pl.'s Moving Br. 17.) Plaintiff specifically argues that the ALJ "gave no explanation for why, if [the ALJ] credited [Cornejo's] sitting, standing, and walking limitations, the ALJ included no sit/stand option in the RFC." (*Id.* at 18.)

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, it is the ALJ who is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." (citations omitted)). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ, however, need include only "credibly established" limitations. *Rutherford*, 399 F.3d at 554 (emphasis

omitted); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (explaining that ALJs have discretion over whether to include: (1) "a limitation [that] is supported by medical evidence[] but . . . opposed by other evidence in the record"; and (2) "a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible," but the ALJ "cannot reject evidence of a limitation for an unsupported reason" (citation omitted)).

"Plaintiff bears the burden of proof at the point of RFC determination[.]" *Diaz v. Astrue*, No. 07-3220, 2008 WL 4104564, at *6 (D.N.J. Sep. 3, 2008) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)). It is not the Commissioner's burden to disprove a claimant's disability. *Sykes v. Apfel*, 228 F.3d 259, 262-63 (3d Cir. 2000). Moreover, an ALJ need not "perform a 'function-by-function' analysis . . . so long as the ALJ's RFC determination is supported by substantial evidence in the record." *Glass v. Comm'r of Soc. Sec.*, No. 18-15279, 2019 WL 5617508, at *8 (D.N.J. Oct. 31, 2019) (collecting cases).

Here, the Court finds that the ALJ's determination of Plaintiff's RFC is supported by substantial evidence in the record, as a fair reading of the decision shows that the ALJ considered all of Plaintiff's impairments, including the sitting and standing limitations that Plaintiff claims the ALJ failed to consider. Indeed, the ALJ explicitly found in her RFC analysis that Plaintiff "can sit for six hours and stand and/or walk for two hours in an eight-hour workday" and that Plaintiff "is significantly limited in her ability to stand and walk during a workday." (AR 25.)

Moreover, the ALJ explained that Cornejo "did not provide specific functional limitations." (*Id.* at 27.) The ALJ thus specifically considered: (1) Plaintiff's testimony about her impairments and symptoms; (2) medical evidence and opinions; (3) Plaintiff's consultative examinations; (4) Plaintiff's various MRI and X-ray imaging from 2024; (5) Plaintiff's treatment records; (6) Plaintiff's mental status examination records; (7) Plaintiff's mental health records;

(8) third-party functional reports submitted by Plaintiff's sister; and (9) prior administrative medical findings. (*Id.* at 22-26.) The ALJ also explicitly stated that she made her RFC determination "[a]fter careful consideration of the entire record" (*id.* at 22), a statement that this Court accepts as true, *see Ramirez v. Kijakazi*, No. 22-431, 2023 WL 5916906, at *5 (M.D. Pa. Sep. 11, 2023) (explaining that the ALJ "stated [that] [s]he rendered h[er] findings after consideration of the entire record[,]" and that the court "should take [the ALJ] at h[er] word"); *Jones v. Comm'r of Soc. Sec.*, 297 F. App'x 117, 120 (3d Cir. 2008) ("[W]e take the ALJ at h[er] word[.]"). The record also included the ALJ's examination of the vocational expert, who testified regarding a hypothetical claimant's sitting and standing limitations. (AR 59.)

The Court therefore finds that the ALJ's thorough analysis in formulating the RFC is supported by substantial evidence in the record. *See Marilyn H. v. Comm'r of Soc. Sec.*, No. 21-3334, 2024 WL 1092503, at *5 (D.N.J. Mar. 13, 2024) (affirming ALJ's decision and explaining that "reading the ALJ's decision as a whole reveals [that] there is substantial evidence and sufficient analysis supporting the ALJ's RFC determination"); *Tyler E. K. v. Comm'r of Soc. Sec.*, No. 21-9623, 2022 WL 3913559, at *4 (D.N.J. Aug. 31, 2022) ("Viewing the ALJ's decision and the record as a whole, the Court concludes that the ALJ provided substantial evidence to support the RFC determination."); *Shaw v. Saul*, No. 20-517, 2021 WL 1115917, at *1 n.1 (E.D. Pa. Mar. 24, 2021) (affirming ALJ's decision and concluding that "reading the decision as a whole[,]" the ALJ "provided an adequate explanation for the RFC assessment by addressing the evidence and explaining why it supported the RFC").

## IV. CONCLUSION

For the reasons outlined above, the Court affirms the Commissioner's final decision. The Court will issue an Order consistent with this Memorandum Opinion.

/s/ [signature]

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

DATED: ~~OCTOBER~~ November 4, 2026